# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alton G. Myers and Roger Bolyard,**
**Defendants Below, Petitioners**

**vs)  No. 13-0757** (Tucker County 10-C-27)

**James L. Root Sr. and Agnes C. Root,**
**Plaintiffs Below, Respondents**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Alton G. Myers and Roger Bolyard, defendants below, appeal the Circuit Court of Tucker County's May 29, 2013, order entering judgment after a jury trial. The jury found that Respondents James L. Root Sr. and Agnes C. Root, plaintiffs below, have a prescriptive easement to use a private road on petitioners' properties. The jury also awarded nuisance damages relating to a gate installed across the road. Petitioners are represented by Jeffrey S. Zurbuch and Pat A. Nichols. Respondents, represented by counsel C. Paul Estep, respond in support of the jury verdict and judgment order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondents Mr. and Mrs. Root own rural real property in Tucker County. Mr. Root inherited an interest in this property in 1961 and acquired full title in 1992. Respondents presented evidence that over a twenty year period beginning in 1985, they built a cabin on the property. For decades before that, the property had been vacant. Respondents never resided on the property, but instead use it for recreational purposes including hunting, camping, and family gatherings.

Respondents assert that their property has always been accessed by a road known as the "Roger Bolyard Road" (hereinafter "the disputed road"). The disputed road leaves State Route 72 in Preston County and proceeds through real property belonging to Petitioner Roger Bolyard. The disputed road then crosses into Tucker County and goes through adjacent real property owned by Petitioner Alton Myers. The disputed road continues onto respondents' property, where it connects to "Louse Camp Road" and eventually reconnects with Route 72. Respondents presented evidence that Louse Camp Road is impassable by automobile.

1

In 2004 Petitioner Myers installed a locked gate over the disputed road, blocking respondents from accessing their property via the disputed road. This gate was installed on the Preston County side of Petitioner Myers's property. Respondents filed the instant lawsuit in April of 2010 asserting the disputed road was a public road or, if private, they had acquired a prescriptive easement right to use it to access their own property. They also sought damages for nuisance arising from the installation of the gate; for a lost timber contract; and for destruction of the cabin on their property.[1]

The case went to a jury trial in April of 2013. Petitioners denied that respondents had acquired a prescriptive easement over their properties. They asserted, inter alia, that respondents never used the disputed road, the disputed road has been posted and blocked by a metal cable since 1959, and respondents have alternate access to their property across Louse Camp Road.

After hearing all of the evidence, the jury found that the disputed road is a private road over which respondents have a prescriptive easement. The jury awarded respondents $40,000 for nuisance damages for loss of use and enjoyment of their property. The jury awarded nothing for the lost timber contract or damage to the cabin.

At a post-trial hearing, the court found that the gate would be a continuing source of controversy and litigation between the parties if it is permitted to stand, so the court ordered Petitioner Myers to remove the gate. The circuit court denied a motion for new trial and, by order entered May 29, 2013, entered judgment on the jury verdict.

Petitioners now appeal to this Court. Their unsuccessful motion for new trial was filed pursuant to Rule 59(a) of the West Virginia Rules of Civil Procedure. We review an order denying a Rule 59(a) motion under the following standard of review:

> "The ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when it is clear that the trial court has acted under some misapprehension of the law or the evidence." Syl. pt. 4, in part, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976).

Syl. Pt. 2, *Estep v. Mike Ferrell Ford Lincoln–Mercury, Inc.*, 223 W.Va. 209, 672 S.E.2d 345 (2008). Applying this standard of review, we now turn to the parties' arguments.

**I.**

Petitioners argue that the circuit court should have ruled that all of respondents' damages claims were barred by the two year statute of limitations in West Virginia Code § 55-2-12. The nuisance damages awarded by the jury were for the loss of use and enjoyment of property due to

---

[1]As to these last two claims, respondents alleged that because of the presence of the locked gate, their timber contractor could not access their property to timber the land, and that respondents could not reach the cabin to make repairs after storm damage.

the gate blocking the disputed road. They argue that the gate was installed in 2004, but this lawsuit was not filed until 2010, more than two years later. They also argue that respondents filed a prior lawsuit in 2005 that they *voluntarily* dismissed in 2007, so petitioners assert that respondents' inability to use the disputed road since 2007 was self-imposed.

The circuit court rejected the statute of limitations argument upon finding that the gate constituted a continuing nuisance. The circuit court relied upon *Graham v. Beverage*: "[w]here a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." Syl. Pt. 11, *id.*, 211 W.Va. 466, 566 S.E.2d 603 (2002). We agree with the circuit court. The jury found that respondents possessed a prescriptive easement to use the disputed road to access their property. As of the date this suit was filed, respondents were still being denied the use of their prescriptive easement because of the gate.[2]

## II.

Next, petitioners argue that respondents failed to prove the elements of a prescriptive easement. We set forth those elements in Syllabus Point 1 of *O'Dell v. Stegall*, 226 W.Va. 590, 703 S.E.2d 561 (2010):

> A person claiming a prescriptive easement must prove each of the following elements: (1) the adverse use of another's land; (2) that the adverse use was continuous and uninterrupted for at least ten years; (3) that the adverse use was actually known to the owner of the land, or so open, notorious and visible that a reasonable owner of the land would have noticed the use; and (4) the reasonably identified starting point, ending point, line, and width of the land that was adversely used, and the manner or purpose for which the land was adversely used.

Each element must be proven by clear and convincing evidence. Syl. Pts. 2 and 3, *Id.* Petitioners argue that any use respondents made of the disputed road, while adverse, was not continuous and uninterrupted for ten years and was not so open, notorious, and visible that a reasonable landowner would have noticed.

Petitioners and members of both of their families testified that respondents never used the disputed road. For example, there was testimony that the road was impassable for an entire year due to the installation of a culvert, so it could not have been used during that time. Petitioner Myers testified that he only encountered Respondent Mr. Root on the road two times, and both times he refused respondent access over the road. Petitioner Mr. Bolyard testified that he has lived on his property for his entire life, and he has never known anyone other than the gas company and the Myers family to travel the disputed road. Mr. Bolyard's wife, Melissa, testified that she only saw Mr. Root on the road twice.

---

[2]It is unnecessary for us to address whether the claims for damages for the lost timber contract and the cabin were time-barred, inasmuch as the jury ruled for petitioners on those claims. Those issues are now moot.

Petitioners assert that any permissive use of the disputed road was specifically repudiated in the 1950's when the Myers family installed a metal cable across the road to block access to the property now owned by respondents. Members of the Myers family testified about the presence of this cable from 1959 to the present day, and Respondent Mr. Root acknowledged that he first encountered the cable in the early 1980's.

Respondents argue that they and several witnesses on their behalf presented clear and convincing evidence that they did use the disputed road to access their property, including during the twenty years they built their cabin. Respondents also presented evidence that before the gate was installed, a timberer hauled timber from respondents' property by using the disputed road. There was evidence that the timberer hauled over fifty loads of logs over a period of one year. Although there is a house on Petitioner Myers's property, respondents assert that it is often unoccupied.

Respondents explain that the metal cable was fastened around a post with only a looped end, and they simply removed the cable and proceeded along the road to their property. Respondents assert that petitioners' witnesses were all related to petitioners, and some of them had moved out of West Virginia in the 1950's and were therefore unfamiliar with the more recent use of the properties.

We are mindful that the jury heard all of this evidence and, as the trier of fact, reached a decision. "When a case involving conflicting testimony and circumstances has been fairly tried, under proper instructions, the verdict of the jury will not be set aside unless plainly contrary to the weight of the evidence or without sufficient evidence to support it." Syl. Pt. 4, *Laslo v. Griffith*, 143 W.Va. 469, 102 S.E.2d 894 (1958). When determining whether there is sufficient evidence to support a jury verdict, evidence is to be considered in a light most favorable to the prevailing party. Syl. Pt. 5, *Orr v. Crowder*, 173 W.Va. 335, 315 S.E.2d 593 (1983).

We conclude that, when viewing the evidence in a light most favorable to respondents, the circuit court did not err in finding sufficient evidence to support the jury's verdict. Petitioners argue that they rarely saw respondents on the disputed road, but respondents never claimed that they used the road on a daily or even weekly basis. Rather, they asserted that they used the road to reach their property for recreational purposes. On appeal, petitioners rehash the evidence and arguments presented at trial, but they do not establish that the circuit court's denial of their motion for new trial was based on some misapprehension of the law or facts.

### III.

In their third assignment of error, petitioners argue that the circuit court permitted irrelevant and unfairly prejudicial testimony and argument that should have been excluded under Rules 401 and 403 of the West Virginia Rules of Evidence. Specifically, respondents' counsel elicited from Petitioner Myers that he owns properties in three counties, and respondents' counsel argued that Mr. Myers wants to "squeeze" respondents out and buy their property for nothing. Respondents contend that the questions and argument went to the issue of Mr. Myers's credibility, and a party is always permitted to challenge credibility.

4

"'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syllabus point 4, *State v. Rodoussakis,* 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 11, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). In light of the limited duration of the disputed questioning and argument, and because it could go toward the issue of credibility, we find no abuse of discretion in the circuit court's ruling and no error in the circuit court's denial of the motion for new trial on this basis.

## IV.

In their fourth and final assignment of error, petitioners argue that the circuit court erred by ordering Petitioner Myers to remove the gate. They argue that removal of the gate is unnecessary because respondents can have access with a key. However, respondents explain that after trial, Petitioner Myers furnished them with just one key, and that key was stamped "do not duplicate." Respondents raised this issue during the post-trial hearing, at which time the circuit court found that the gate would be a continuing source of controversy and litigation between the parties if it is permitted to stand. Respondents also argue that the only purpose of the gate is to keep them off of their property—it is not there to contain livestock, etc.

Based upon the parties' descriptions, we note that this gate is installed on rural property, past Petitioner Bolyard's property, and not near the public road. Petitioners do not state what purpose the gate would serve, and it appears that the only purpose would be to materially interfere with respondents' use of their prescriptive easement. Upon a consideration of the evidence and the parties' arguments, we find no error in the circuit court's remedy.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5